FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 4 2007

JAMES N. HATTEN, Clerk

BY _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | :  MISC   07-8 E |
| Plaintiff, | : |
| v. | :  Civil Action No. 1:07-CV-0767-WSD |
| GLOBAL ONLINE DIRECT, INC., BRYANT E. BEHRMANN and LARRY "BUCK" E. HUNTER, | : |
| Defendants. | : |

**FILED**

JUN 1 2 2007

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### ~~PROPOSED~~ ORDER APPOINTING A RECEIVER, FREEZING DEFENDANTS' ASSETS, AND ORDERING OTHER ANCILLARY RELIEF

The Plaintiff Securities and Exchange Commission ("Commission") having

filed a Complaint and Defendants Global Online Direct, Inc. ("Global"), Bryant E.

Behrmann ("Behrmann") and Larry "Buck" E. Hunter ("Hunter") (collectively

"Defendants") having entered general appearances; consented to the Court's

jurisdiction over Defendants and the subject matter of this action; consented to

entry of this Order Appointing a Receiver, Freezing Defendants' Assets, and

-5-

Ordering Other Ancillary Relief ("Order") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law with respect to this Order; and waived any right to appeal from this Order:

## I.

**IT IS HEREBY ORDERED** that the terms of Paragraph I of the Court's April 5, 2007 Order Granting Preliminary Injunction and Ordering Other Ancillary Relief (the "April 5, 2007 Order"), which preliminarily enjoin Defendants from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") remain in effect.

## II.

**IT IS FURTHER ORDERED** that the expedited discovery provisions set forth in Paragraph II of the April 5, 2007 Order are modified as follows, with the understanding that nothing herein shall be deemed to waive Defendants' rights to subsequently move the Court to stay discovery in this matter, in whole or in part, pending the resolution of any related criminal investigation or proceeding, nor Plaintiff's right to oppose any such motion for stay:

A.  The Plaintiff may take depositions upon oral examination subject to at least ten days notice prior to expiration of 30 days after service of the Summons and Complaint upon defendants, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

B.  Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants shall answer all interrogatories within ten days of service of such interrogatories;

C.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendants shall produce all documents within ten days of service of such request;

D.  Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants shall answer requests for admissions within ten days of service of such request;

E.  The Plaintiff may serve discovery by facsimile, electronic mail or by any other means provided for within the Federal Rules of Civil Procedure;

F.  All written responses to the requests for discovery under the Federal Rules of Civil Procedure shall be delivered to the Plaintiffs' counsel

-7-

by the most expeditious means available, including facsimile or

electronic mail.

### III.

**IT IS FURTHER ORDERED** that the terms of Paragraph III of the April 5,

2007 Order, enjoining Defendants from destroying documents, remain in effect.

### IV.

**IT IS FURTHER ORDERED** that Michael A. Grassmueck of The

Grassmueck Group, P.O. Box 3649, Portland, Oregon 97208, is terminated as

independent Monitor of Global, and appointed as the permanent Receiver, without

bond, with the full powers of an equity receiver for Global, its subsidiaries and

affiliates (hereinafter, the "Receivership Entities"). Defendant Global, its assets,

and the assets of its subsidiaries and affiliates, are collectively referred to herein as

"the Receiver Estate." Global's assets, for purposes of this Order, are defined to

include all real and personal property held in the name of any of the Receivership

Entities, all contract rights of Global, all legal and equitable claims of any of the

Receivership Entities, all banking, brokerage and depository accounts of any of the

Receivership Entities, all electronic currency accounts of any of the Receivership

Entities, and all internet payment processor accounts of any of the Receivership

-8-

Entities. No person holding or claiming any position of any sort with the Receiver Estate shall possess any authority to act by or on behalf of any of the Receiver Estate, except as authorized by the Receiver. All persons, including but not limited to the Defendants and their officers, agents, servants, employees, attorneys, subsidiaries, affiliates, and all persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing or disposing of the assets of Receivership Estate and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Estate, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court.

V.

**IT IS FURTHER ORDERED** that the Receiver shall have and possess all powers and rights of an equity receiver to administer and manage the Receiver Estate in a commercially reasonable manner, with the intent to maximize the value of the Receiver Estate, including, but not limited to the power and authority:

A.    to take custody, control and possession of all records, assets, funds, personal property, vehicles, bank accounts, brokerage accounts, real

-9-

property premises and other materials of any kind in the possession of or under the direct or indirect control of the Receiver Estate or the Receivership Entities and, until further order of this Court;

B.    to manage, control, operate and maintain the Receiver Estate, to use income, earnings, rents and profits of the Receiver Estate, with full power to sue for, collect, recover, receive and take into possession all goods, chattels, rights, credits, monies, effects, lands, books and records of accounts and other documents, data and materials;

C.    to conduct the business operations of the Receivership Entities, including the purchase and/or sale of real or personal property or inventory, the continuation and termination of any contract, employment arrangement and all other aspects of any active business operation;

D.    to make such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Estate;

E.    to terminate business operations and to sell, rent, lease or otherwise hypothecate or dispose of the assets of the Receiver Estate;

-10-

F.    to contact and negotiate with any creditors of the Defendant Global

for the purpose of compromising or settling any claim, including the

surrender of assets to secured creditors;

G.    to have control of, receive and collect any and all sums of money due

or owing to Defendant Global whether the same are now due or shall

hereafter become due and payable, and incur such expenses and make

such disbursements as are necessary and proper for the collection,

preservation, maintenance, administration and operation of the

Receiver Estate;

H.    to renew, cancel, terminate, or otherwise adjust any pending lease

agreements to which Defendant Global is a party;

I.    to institute, defend, compromise or adjust such actions or proceedings

in state or federal courts now pending and hereafter instituted, as may

in his discretion be advisable or proper for the protection and

administration of the Receivership Estate;

J.    to institute such actions or proceedings to disgorge assets of the

Receiver Estate held by third parties, impose a constructive trust,

obtain possession and/or recover judgment with respect to persons or

-11-

entities who received assets or funds traceable to investor monies,

with all such actions filed in this Court;

K.  to open bank accounts or other depository accounts, in the name of the

Receiver on behalf of the Receiver Estate;

L.  to prepare any and all tax returns and related documents regarding the

assets and operation of the Receiver Estate;

M.  to take any action which could be taken by the officers, directors,

managers, members, partners, trustees or other principals of the

Receiver Estate;

N.  to abandon any asset that, in the exercise of his reasonable business

judgment, will not provide benefit or value to the Receiver Estate;

and,

O.  to take such other action as may be approved by this Court.

### VI.

**IT IS FURTHER ORDERED** that the Receiver shall be empowered, but is

not required, to file a voluntary petition for relief under Title 11 of the United

States Code (the "Bankruptcy Code") for the Receiver Estate or any portion

thereof. If a bankruptcy petition is filed, the Receiver shall become, and shall be

-12-

empowered to operate the Receiver Estate as a debtor in possession, with all

powers and duties provided to a debtor in possession under the Bankruptcy Code to

the exclusion of any other person or entity. Without leave or further order of this

Court, no person other than the Receiver is authorized to seek relief under the

Bankruptcy Code for any person or entity included within the Receiver Estate

## VII.

**IT IS FURTHER ORDERED** that with respect to the asset freeze set forth in

Paragraph XXI of this Order, the Receiver shall be authorized, but not required, to

administer, manage, and direct the marshaling, disbursement and/or transfer of

monies or other assets held by third parties that are subject to the freeze. The

Receiver may, in the reasonable exercise of his discretion, authorize the release, use

or segregation of proceeds held by third parties.

## VIII.

**IT IS FURTHER ORDERED** that the Receiver shall perform an

accounting of the offering and sale of securities that is outlined in the

Commission's Complaint including, but not limited to, the Defendants'

solicitation, receipt, disposition and use of the proceeds from such offering. This

accounting shall include the names of all investors and/or lenders participating in

Global's scheme as alleged and described in the Commission's Complaint (collectively, the "Investors"), the principal amount invested with and/or loaned to Global by all Investors, and the amounts paid by Global to any Investors. .

## IX.

**IT IS FURTHER ORDERED** that the Receiver shall perform an accounting of all inventory, merchandise, products, assets or things of value in the possession, custody, or control of Global or other persons that were acquired with funds or proceeds received from the Investors (collectively, the "Inventory"), perform a valuation of the Inventory, and ensure that any liquidation, sale or disposition of the Inventory takes place in a commercially reasonable manner so as to maximize the vale of the Receiver Estate.

## X.

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Order, shall cooperate with the Receiver and the other professionals working with him in the administration of the Receiver Estate, including, but not limited to, the immediate delivery to the Receiver of the following:

-14-

A.    all assets and other materials of the Receiver Estate in the possession

or under their control, as well as the name and contact information of

any person who has knowledge of the nature or location of assets or

other materials belonging to the Receiver Estate;

B.    business records of any kind (including legal files), whether in hard

copy or electronic format, including e-mail files and accounts,

customer files, accounting and financial records, bank records,

brokerage records, and other depository records;

C.    insurance policies regarding any assets or persons that are in any way

affiliated with the Receiver Estate, along with other information

regarding insurance coverage or the absence thereof;

D.    computers and computer files, including e-mail files, along with all

passwords for such files, that belong to or are under the control of

Defendant Global or that in any way relate to the assets or the

operation of the Receiver Estate;

E.    passwords and other identifying information regarding all computer or

on-line files, banking or brokerage accounts and/or any other assets of

-15-

any of Defendant Global or under their direct or indirect control, specifically including but not limited to, passwords for internet or electronic access banking, brokerage and other on-line accounts;

F.   keys, security cards, parking cards and other access codes for premises, vehicles, safety deposit boxes or accounts or assets under the direct or indirect control of Defendant Global;

G.   title documents for vehicles and boats; and

H.   such other information related to the Receiver Estate as the Receiver and those working with him reasonably request.

## XI.

**IT IS FURTHER ORDERED** that any bank, brokerage firm, mutual fund or other financial institution or any other person, partnership, corporation or other entity maintaining or having custody or control of any brokerage or depository accounts or other assets of the Receiver Estate and the Receivership Entities, accounts into which proceeds of the subject investment offering(s) have been deposited, or accounts or assets under the direct or indirect control of the Defendants, who receives actual notice of this Order, shall:

A.   freeze such accounts, funds or assets;

-16-

B.    turn over to the Receiver control of all such accounts, funds, cash and
securities;

C.    within twenty-one (21) business days of receipt of such notice, file with
the Court and serve on the Receiver and counsel for the Commission a
certified statement setting forth, with respect to each such account or
other assets, the balance in the account or the description of the assets as
of the close of business on the date of the receipt of the notice;

D.    promptly cooperate with the Receiver to determine whether and to
what extent any accounts, funds or other assets are actually assets or
proceeds of assets of the Receiver Estate;

E.    provide to the Receiver records of such funds, accounts and assets and
tender said funds and/or the assets to the Receiver.

To the extent that there are assets or accounts about which a determination of
ownership cannot be made, they shall be turned over to the Receiver to be held in
escrow pending a determination of the ownership of such assets.  The Receiver is
authorized to provide notice of the entry of this Order to any governmental agency,
person or other entity he deems appropriate.  Actual notice may be accomplished

-17-

by delivery of a copy of this Order by hand, U.S. mail, courier service, facsimile,

by e-mail or by any other reasonable means of delivery.

## XII.

IT IS FURTHER ORDERED that the Receiver is hereby authorized to

make appropriate notification to the United States Postal Service to forward

delivery of any mail addressed to any of the Receivership Entities, to any Post

Office box or other mail depository, or to himself. Further, the Receiver is hereby

authorized to open and inspect all such mail, to determine the location or identity

of assets or the existence and amount of claims.

## XIII.

IT IS FURTHER ORDERED that the Receiver may investigate any

matters he deems appropriate in connection with discovering additional

information as it relates to the activities of the Receiver Estate. In connection with

any such investigation, the Receiver is authorized to:

A.    compel, including by subpoena, the appearance and testimony of all

persons, including the Defendants (prior to and/or after the filing of

responsive pleadings in this action) and the production of the originals

of any records and materials, of any sort whatsoever, within the

-18-

possession, custody or control of any person, though the Receiver's

authority under this paragraph shall not be construed to require the

waiver by any person of any validly asserted privilege; and,

B.      order consumer and credit reports that he deems necessary and

appropriate as a part of his pursuit of additional Receiver Estate

assets.

### XIV.

**IT IS FURTHER ORDERED** that the Receiver is hereby directed to file

with this Court and serve upon the parties, within 45 days after entry of this Order,

a preliminary report setting out the identity, location and value of the Receivership

Estate, and any liabilities pertaining thereto.

### XV.

**IT IS FURTHER ORDERED** that absent express permission and leave by

this Court, all creditors and other persons seeking money damages or other relief

from the Receiver Estate and all others acting on behalf of any such creditors and

other persons, including sheriffs, marshals, and all officers and deputies, and their

respective attorneys, servants, agents and employees, are, until further order of this

Court, hereby stayed.  Further, all persons having notice of this Order, including

-19-

creditors and others seeking money damages or other relief from the Receiver

Estate, and all others acting on behalf of any such creditors and other persons,

including sheriffs, marshals, and all officers and deputies, and their respective

attorneys, servants, agents and employees, are restrained from doing anything to

interfere with the Receiver's performance of his duties and the administration of

the Receiver Estate.  Accordingly, all such persons are enjoined from filing or

prosecuting any actions or proceedings which involve the Receiver or which affect

the Receivership Estate, specifically including any proceeding initiated pursuant to

the United States Bankruptcy Code, except with the prior permission of this Court.

Moreover, any such actions that are so authorized shall be filed in this Court.

## XVI.

**IT IS FURTHER ORDERED** that the Receiver is authorized to

communicate with all such persons as he deems appropriate to inform them of the

status of this matter and the financial condition of the Receiver Estate.

The Receiver is also hereby authorized to employ such employees, accountants,

consultants, attorneys and other professionals, including employees of his own

professional firm, as are necessary and proper for the administration of the

Receiver Estate and the performance of his duties as set forth herein.   The

-20-

Receiver shall seek and obtain the approval of this Court prior to disbursement of professional fees and expenses to himself, his firm or his counsel, by presentation of a written application therefore, and after consultation with the Commission. All costs incurred by the Receiver shall be paid from the Receivership Estate. Upon notice to all parties in this case, the Receiver may submit a proposed order regarding an administrative process for the approval and payment of professional fees and expenses consistent with this provision.

## XVII.

**IT IS FURTHER ORDERED** that upon the request of the Receiver, the United States Marshal's Office, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate,

## XVIII.

**IT IS FURTHER ORDERED** that the Receiver is authorized to remove any person from any premises or real estate that is owned or controlled by one of the Receivership Entities or that is otherwise part of the Receiver Estate. The Receiver shall keep the Commission, the Court, and counsel for Defendants

-21-

apprised at reasonable intervals of developments concerning the operation of the receivership, and shall provide to the Commission upon request any documents under the control of the Receiver.

### XIX.

**IT IS FURTHER ORDERED** that the Receiver shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of any Defendant to comply in any way with the terms of this Order.

### XX.

**IT IS FURTHER ORDERED** that except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

### XXI.

**IT IS FURTHER ORDERED** that the assets of Defendants be, and hereby are, frozen. The freeze shall include but not be limited to those funds located in any bank accounts of the defendants, including any offshore or overseas bank accounts.

-22-

In addition, all funds or proceeds obtained or derived from investors and/or lenders participating in Global's SPIP (or any predecessor investment program offered by Global) as alleged and described in the Commission's complaint remaining in the custody and control of the defendants are hereby frozen, in whatever form now found, regardless of where said proceeds are located. This includes, but is not limited to, proceeds or assets that have been transferred to any account, corporation, partnership, or limited liability company controlled by Global, Behrmann, Hunter, or any combination of them. Until further order of this Court, the Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said defendants. This court further enjoins any disbursement by the Defendants, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the sales of securities described in the complaint. However, this asset freeze shall not extend to

-23-

the following:

    A.    For Defendant Hunter, the freeze shall not extend to any future income, as necessary for reasonable living expenses, provided such income is derived in a manner consistent with the terms of this Order. Defendant Hunter may establish a new bank account and thereafter deposit any future income in the same new bank account, which shall remain outside the terms of this asset freeze so long as the funds within it are not intermingled with those subject to the freeze. However, Defendant Hunter may make a one-time withdrawal of up to $5,000 of funds currently in the Colonial Bank account in his name, account number xxx-xxx-5134, after the entry of this order. The funds thus withdrawn from Colonial Bank account number xxx-xxx-5134 in Defendant Hunter's name may be deposited into the new bank account at Colonial Bank for future income without subjecting the new account to the asset freeze.

    B.    For Defendant Behrmann, the freeze shall not extend to any future income, as necessary for reasonable living expenses, provided such income is derived in a manner consistent with the terms of this Order.

Defendant Behrmann may establish a new bank account and thereafter deposit any future income in the same new bank account, which shall remain outside the terms of this asset freeze so long as the funds within it are not intermingled with those subject to the freeze.  However, Defendant Behrmann may make a one-time withdrawal of up to $5,000 of funds currently in the Silver State bank account in his name, account number xxxx-xxx-9360, after the entry of this order.  The funds thus withdrawn from the Silver State bank account in Defendant Behrmann's name may be deposited into the new bank account for future income without subjecting the new account to the asset freeze. Additionally, Defendant Behrmann has represented to the Court in the attached Consent that he owns certain common stock in Nuclear Solutions, Inc., Neutra Pharmaceutical, Inc. and Gold Coast Resources, Inc. ("Behrmann Stock") which was acquired before the formation of Global and is held in stock certificates in his possession.  As necessary for reasonable living expenses, Defendant Behrmann may sell shares of Behrmann Stock, as defined herein sufficient to generate cash proceeds of up to $4,000 per month and may transfer up to $4,000 per month of

-25-

said proceeds to his new bank account. In order to facilitate the sale of
the Behrmann Stock, Behrmann may open a new brokerage account,
which shall remain outside the terms of this asset freeze so long as the
funds or securities within it are not intermingled with those subject to
the freeze.

C.    In order to permit Defendants to continue to be represented by their
counsel in this proceeding and in potential parallel criminal
proceedings, this asset freeze shall not extend to unearned funds
currently held on retainer by Defendants' counsel in this proceeding
and in parallel criminal proceedings, as follows:  1) $100,000 with Stoel
Rives LLP for representation of Defendant Behrmann in potential
criminal proceedings; 2) $100,000 with Hoffman Angeli LLP for
representation of Defendant Hunter in potential criminal proceedings;
3) $70,000 with Elliott Greenleaf & Siedzikowski, P.C.; and 4) $7,000
with Taylor, Busch, Slipakoff & Duma, LLP.  Unearned funds currently
held on retainer by any attorney in excess of the figures listed above are
subject to the freeze, subject to further order of the Court.

## XXII.

-26-

     **IT IS FURTHER ORDERED** that any notice, written or otherwise, to be provided by any party to Commission counsel shall be effected and sent by electronic mail to blacka@sec.gov and lipsona@sec.gov.  Any notice, written or otherwise to be provided to counsel for Global, Hunter, or Behrmann shall be effected and sent by electronic mail to scrimmins@mayerbrownrowe.com, bleonard@taylor-busch.com, and mak@elliottgreenleaf.com.  Any notice, written or otherwise, to be provided to the Receiver shall be effected and sent by electronic mail to gwinkler@magistrustee.com, with a copy to dzaro@allenmatkins.com.  All persons receiving electronic mail under this paragraph shall accept and acknowledge all requests by senders for electronic "read receipts" or other means of proof of receipt requested by any senders under this paragraph.

### XXIII.

     **IT IS FURTHER ORDERED** that Defendants' Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### XXIV.

-27-

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the Commission and Defendants, named in the first paragraph of this Order, above, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

### XXV.

**IT IS FURTHER ORDERED** that the Receivership Entities shall pay the costs, fees and expenses of the receiver in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

-28-

## XXVI.

**IT IS FURTHER ORDERED** that this Order will remain in effect until

modified by further order of this Court.

Dated: ___June 4___, 2007

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

-29-